UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, *and* THE
CARPENTER CONTRACTOR ALLIANCE
OF METROPOLITAN NEW YORK,

**OPINION & ORDER**

24-cv-1321 (ER)

Petitioners,

*– against –*

EVERLAST SCAFFOLDING INC.,

Respondent.

RAMOS, D.J.:

Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees Of The New York City Carpenters Relief and Charity Fund and The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds," and "Petitioners") initiated an arbitration against Everlast Scaffolding Inc. ("Everlast"), based on Everlast's failure to make payments owed to Petitioners pursuant to a collective bargaining agreement ("CBA"). On October 17, 2023, an Arbitrator issued an Opinion and Award (the "Award") in favor of Petitioners. Doc. 1-15 at 7. The Court confirmed the Award on March 25, 2025. Doc. 31.

Now pending before the Court is Petitioners' unopposed motion for (1) an order for attorneys' fees and costs for litigating this matter, plus prejudgment interest; and (2) a money judgment, representing the arbitration award, attorneys' fees and costs, and post-

award, prejudgment interest.  Doc. 33.  For the reasons set forth below, the motion is GRANTED with an adjustment to the prejudgment interest amount and the resulting final judgment amount.

## I.    BACKGROUND

The Court assumes familiarity with the facts and procedural posture of this action, previously set forth in its Opinion & Order dated March 25, 2025, Doc. 31.  As such, the Court will only recite those facts necessary to the disposition of the instant motion.

On October 17, 2023, Daniel Engelstein (the "Arbitrator") issued seven-page Award in favor of Petitioners for Everlast's failure to remit all required contributions pursuant to its CBA.  Doc. 1-15.  The Award awards Petitioners $361,680.82 against Everlast, consisting of the principal deficiency identified in the Audit of $267,551.83, plus interest, liquidated damages, promotional fund contributions, attorneys' fees, audit costs, court costs, nonaudit late payment interest, and the arbitration fee, less the "payment on account" of $50,000 which Everlast had made.  *Id.* at 6–7.

Petitioners filed a motion to confirm the Award pursuant to Section 301(c) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(c) on February 21, 2024.  Doc. 1.  On February 26, 2024, Petitioners served Everlast with a summons, the petition, exhibits, including the Award, and other documents.  Doc. 26. Petitioners sent the letter to Everlast via certified mail and email, and to counsel for Everlast via email.  *See* Doc. 26-1.  Everlast then filed a cross-motion to vacate the Award on April 5, 2024.  Doc. 13.  On March 25, 2025, the Court granted the petition to confirm the Award and denied Everlast's cross-motion to vacate the Award.  Doc. 31.  The Court also instructed Petitioners to submit their fee application and corresponding billing records to the Court by April 8, 2025.  *Id.* at 27.

Petitioners now seek attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 54(d), Section 301 of the LMRA, 29 U.S.C. § 185, and the Court's Order dated March 25, 2025; (1) an order for $10,287.70 for attorneys' fees and $714.65 costs for

litigating this matter, plus interest in the amount of $55,557.64; and (2) a money judgment in the amount $428,240.81, representing the arbitration award of $361,680.82, attorneys' fees and costs of $11,002.35, and post-award, prejudgment interest.  Doc. 33.

The Court issued an order on January 12, 2026 directing Everlast to file an opposition to Petitioners' motion by January 23, 2026 and informing it that failure to do so would result in the motion being deemed unopposed.  Doc. 36.  To date, Everlast has not filed an opposition.  Accordingly, Petitioners' motion is hereby deemed unopposed.

## II.    DISCUSSION

### A.  Attorneys' Fees and Costs

"Attorneys' fees and costs may be awarded if the parties contractually agreed as such."  *Trustees of New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educational & Industry Fund v. ABBA Construction LLC*, No. 1:22-cv-05699 (JLR), 2022 WL 17555720, at *4 (S.D.N.Y. Dec. 9, 2022) (collecting cases).

Here, the CBA provides that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu and any other liquidated damages, costs, attorney's fees and/or interest, the following:
>
> […]
>
> (4) reasonable attorney's fees and costs of the action[.]

Doc. 1-7 at 46 (CBA, Art. XV, Sec. 6(a)(4)).  The Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy") further provides for granting of "[a]ttorneys' fees … at the same hourly rate charged to [Petitioners] for such services."  Doc. 1-12 at 8 (Collection Policy § V (6)).

As the Court found in the Opinion & Order, an award of attorney's fees is warranted in this case.  *See* Doc. 31 at 27.  Petitioners counsel, Virginia & Ambinder,

3

LLP ("V&A"), worked 38.3 hours, totaling $10,287.70 in attorneys' fees, and Petitioners incurred $714.65 in costs while litigating this matter.  Doc. 35 at 2.  Petitioners note that "[t]hese rates were negotiated with a Board of Trustees consisting of members with longstanding business and negotiation experience."  *Id.* at 5.

The Court has reviewed the records supporting the 38.3 hours of attorney and legal assistant work at hourly rates ranging from $155 to $430, Doc. 34-1 at 1–10, and finds the requested fees reasonable.  It has also reviewed the records supporting costs and finds these reasonable as well.  Doc. 34-2.  Accordingly, the Court awards the requested $10,287.70 in attorney's fees and $714.65 in costs.

### B.  Prejudgment Interest

Pursuant to the Award dated October 17, 2023, Everlast had until October 30, 2023 to pay the full amount owed to Petitioners, or interest would accrue at the rate of 10.25% retroactive to October 5, 2023.  Doc. 1-15 at 7 (Award).  Petitioners request prejudgment interest at a rate of 10.25% per annum from October 5, 2023 to April 4, 2025, the day Petitioners' filed their motion for attorneys' fees and costs, for a total of $55,557.64.  Doc. 35 at 6.  However, prejudgment interest rates in this district are typically calculated from the date of the final award to the date the judgment confirming the award.  *See, e.g.*, *Seaport Global Holdings LLC v. Petaquilla Minerals Ltd.*, No. 19-cv-9347 (ER), 2020 WL 3428151, at *2 (S.D.N.Y. June 23, 2020); *see also 1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13-cv-2608 JGK, 2014 WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014).

Accordingly, the Court grants Petitioners' request for prejudgment interest a rate of 10.25% per annum from October 5, 2023 to March 25, 2025, the date the award was confirmed.  *See, e.g.*, *1199/SEIU*, 2014 WL 840965, at *8 (awarding pre-judgment interest at a rate of nine percent from date of arbitration award to date of judgment).  The Court therefore grants Petitioners' request for pre-judgment interest up until March 25, 2025.

### III.    CONCLUSION

For the reasons set forth above, Petitioners' motion for attorneys' fees and costs is GRANTED.   The Clerk of Court is respectfully directed to calculate prejudgment interest on the final award of $361,680.82 at a rate of 10.25% per annum, accruing from October 5, 2023 through March 25, 2025.  After calculating the prejudgment interest, the Clerk of Court is further directed to add the following amounts to calculate the money judgment amount by adding (1) the final award of $361,680.82, (2) the interest on the final award, (3) $10,287.70 in attorneys' fees, and (4) $714.65 in costs.

The Clerk of Court is further respectfully directed to terminate the motion, Doc. 33, and close the case.

It is SO ORDERED.

Dated:    March 9, 2026
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.